UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-24048-BLOOM/Elfenbein

SKIP BRAVER and
CHAD BRAVER

    Plaintiffs,

v.

DEREK WACHOB, GLOBAL
SOURCE RECYCLING COMPANY, LLC,
PARAGON INDUSTRIES, INC,
WACHOB PROPERTIES, LLC,
WACHOB IRREVOCABLE TRUST
DATED JULY 21, 2011, and
THE OLYMPIA OF DESTIN, LLC,

    Defendants.
_____/

## ORDER ON MOTION FOR FINAL JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiffs Skip Braver and Chad Braver's Motion for Entry of Final Judgment after Settlement Payment Default against Defendants, Derek Wachob, Global Source Recycling Company, LLC, A Delaware Limited Liability Company, Wachob Properties, LLC, an Oklahoma Limited Liability Company, Wachob Irrevocable Trust Dated July 21, 2011, and The Olympia of Destin, LLC ("Motion"), filed on July 1, 2025. ECF No. [190].

On July 16, 2025, the Court granted defense counsel's Second Expedited Motion to Withdraw as Counsel. ECF No. [199]. The Court ordered Defendant Derek Wachob to notify the Court and counsel for Plaintiffs in writing if he intended to represent himself. *Id.* at 1. The Court also warned that, as artificial entities, Defendants Global Source Recycling Company, LLC, Wachob Properties, LLC, Wachob Irrevocable Trust Dated July 21, 2011, and The Olympia of Destin, LLC ("Corporate Defendants") are not permitted to appear *pro se* and, therefore, must be

represented by licensed counsel at all times. *Id.* at 1 (citing *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985)). The Court ordered Corporate Defendants to "retain counsel permitted to practice before the Court and notify the Court of such retention" no later than August 6, 2025. *Id.* at 2. The Court warned that "[f]ailure to comply will result in default judgment." *Id.* The Court also ordered Defendants to "file a Response to Plaintiffs' Motion to Reopen the Case, ECF No. [190], on or before August 6, 2025," and warned that failure to file a Response would result in the Motion being "considered without the benefit of a response." ECF No. [199] at 2. Wachob has not notified the Court of whether he intends to proceed *pro se*, nor has he filed a Response to the Motion. Corporate Defendants have not retained counsel or filed a Response to the Motion. Accordingly, the Court may grant the Motion by default. S.D. Fla. L.R. 7.1(c)(1).

Plaintiffs state that, pursuant to the Settlement Agreement signed by Defendants Derek Wachob, Global Source Recycling Company, LLC, Wachob Properties, LLC, Wachob Irrevocable Trust Dated July 21, 2011, and The Olympia of Destin, LLC ("Settling Defendants"), Settling Defendants agreed to pay $26 million on or before June 27, 2025 at 5:00 p.m. Central Time. ECF No. [190] at 3 (citing ECF No. [193] at 7, 8). The Settlement Agreement states that "[i]f Settling Defendants[1] [sic] do not receive the Settlement Payment by wire transfer . . . on before [sic] June

---

[1] Although the Settlement Agreement stated "Settling Defendants" were to receive the Settlement Payment, it was the clear intention of the parties that the Settlement Payment was to go to the Settling *Plaintiffs*. *AECOM Tech. Servs., Inc. v. Pro. Servs. Indus., Inc.*, 580 F. Supp. 3d 1176, 1187 n.3 (M.D. Fla. 2021) ("[C]ourts under Florida law may reform a contract suffering from a scrivener's error because the clear intent of the parties was a contract without the error[.]"). Aside from the obvious fact that Plaintiffs would not have agreed to dismiss their lawsuit if they were not to receive the Settlement Payment, Section 2A of the Settlement Agreement, titled "Settling Defendants' Settlement Payment to Plaintiffs" states "Settling Defendants, jointly and severally, shall pay to Plaintiffs the sum of Twenty-Six Million Dollars . . . pursuant to the wire transfer instruction attached as Exhibit 1." ECF No. [193] at 7. The wire transfer instructions state that the Settlement Payment shall be credited to "Braver Holdings LLC." ECF No. [193] at 18. Therefore, it is clear from the text of the Settlement Agreement that the parties intended the Settlement Payment to be paid *by* Settling Defendants and *to* Plaintiffs.

27, 2025 at 5:00 p.m. CST, then Settling Defendants shall be in material breach of this Settlement Agreement[.]" ECF No. [193] at 8. The Settlement Agreement provided:

> upon Plaintiffs' filing a Motion in the Litigation supported by an Affidavit verifying that Settlement [sic] Defendants are in material breach of the Agreement by failing to timely pay the Settlement Payment . . . the Parties stipulate to entry of the Agreed Final Judgment by the Court in the Litigation in the form attached hereto as Exhibit 4.
>
> *Id.*

Under Florida law, failure to make a payment on time constitutes a material breach of contract "where time is of the essence*." Centurion Air Cargo, Inc. v. United Parcel Serv. Co.*, 420 F.3d 1146, 1151 (11th Cir. 2005) (citing *Sublime, Inc. v. Boardman's Inc*., 849 So. 2d 470, 471 (Fla. 4th DCA 2003). "Time is of the essence under Florida law when . . . the agreement explicitly so specifies[.]" *Id.* As Plaintiffs note, the Settlement Agreement stated that the Settlement Payment must be paid "[o]n or before June 27, 2025, at 5:00 p.m. CST . . . time being of the essence[.]" ECF No. [190] at 3 (quoting ECF No. [193] at 7). Therefore, the parties agreed that failure to timely render the Settlement Payment would constitute a material breach of the contract. *See Thomas v. Fusilier,* 966 So. 2d 1001, 1003 (Fla. 5th DCA 2007) ("Time is considered to be 'of the essence' when . . . there is an express recital in the party's contract[.]").

Settling Defendants having stipulated[2] to entry of this Agreed Final Judgment, it is:

**ORDERED AND ADJUDGED** as follows:

---

[2] Plaintiffs "credit[ed] the $125,000 paid by Settling Defendants to Plaintiffs on account (with 1% of the $125,000 payment credited to the principal owed to Chad Braver in the pro forma Agreed Final Judgment, and with 99% of the $125,000 credited to the principal judgment amount owed to Skip Braver in the pro forma Agreed Final Judgment), and add[ed] prejudgment interest amounts owed through July 1, 2025, to arrive at the total judgment amounts awarded to Skip Braver and Chad Braver." ECF No. [190] at 4. On August 7, 2025, Plaintiffs filed an Expedited Motion for Ruling on Plaintiffs' Motion to Reopen the Case and for Entry of Agreed Final Judgment After

Case No. 24-cv-24048-BLOOM/Elfenbein

1. Plaintiffs' Motion for Entry of Final Judgment after Settlement Payment Default, **ECF No. [190],** is **GRANTED**.

2. Plaintiffs' Expedited Motion for Ruling, **ECF No. [201],** is **GRANTED**.

3. Plaintiff, **SKIP BRAVER**, whose mailing address is 1235 N. Venetian Way, Miami Beach, FL 33139, shall recover from Defendants, **DEREK WACHOB, GLOBAL SOURCE RECYCLING COMPANY, LLC, WACHOB PROPERTIES, LLC**, **WACHOB IRREVOCABLE TRUST DATED JULY 21, 2011**, and **THE OLYMPIA OF DESTIN, LLC,** jointly and severally, the principal sum of $30,929,115.00, plus pre-judgment interest at the rate of 9.5% per annum from June 11, 2025, to July 2, 2025, less a payment on account of $210,000.00 received on July 2, 2025, plus pre-judgment interest at the rate of 9.5% per annum on the new balance owed from July 2, 2025, to July 10, 2025, less a payment on account of $212,000.00 received on July 10, 2025, plus pre-judgment interest at the rate of 9.5% on the new balance from July 10, 2025 to August 8, 2025, **for a total judgment amount of $30,972,508.47** as of August 8, 2025, which total judgment amount shall bear interest after the date of this judgment as provided by 28 U.S.C. 1961, for which let execution issue.

4. Plaintiff, **CHAD BRAVER**, whose mailing address is 801 W Dilido Dr., Miami Beach, FL 33139, shall recover from Defendants, **DEREK WACHOB, GLOBAL SOURCE RECYCLING COMPANY, LLC, WACHOB PROPERTIES, LLC**, **WACHOB**

---

Material Breach of Settlement Agreement, ECF No. [201], in which Plaintiffs stated that, since filing the Motion, they received two additional settlement payments: one on July 2, 2025 for $210,000 and one on July 10, 2025 for $212,000. ECF No. [201-7] at 2. On August 8, 2025, the Court ordered Plaintiffs to file an updated version of the Agreed Final Judgment Order "'giv[ing] appropriate credit for payments received on account from the Wachob Trust' as described in the Expedited Motion." ECF No. [203] (quoting ECF No. [201] at 4). Plaintiffs filed a Proposed Final Judgment in compliance with the Court's Order on August 11, 2025. ECF No. [206]. The Court has adopted the updated Proposed Final Judgment that Plaintiffs filed on August 11, 2025. *Id.*

Case No. 24-cv-24048-BLOOM/Elfenbein

**IRREVOCABLE TRUST DATED JULY 21, 2011**, and **THE OLYMPIA OF DESTIN, LLC,** jointly and severally, the sum of principal sum of $287,500.00 plus pre-judgment interest at the rate of 9.5% per annum from June 11, 2025, to August 8, 2025, in the amount of $4,340.07, **for a total judgment amount of $291,840.07** as of August 8, 2025, which total judgment amount shall bear interest after the date of this judgment as provided by 28 U.S.C. 1961, for which let execution issue.

5. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida on August 11, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of Record

Derek Wachob
Global Recycling Company, LLC
Paragon Industries, Inc
Wachob Properties LLC
Wachob Irrevocable Trust dated July 21, 2011
3378 West Hwy 117
Sapulpa, OK 74066
(918) 291-4459